**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
SMILE FOR KIDS, INC. d/b/a S4K :
ENTERTAINMENT GROUP, :  Case No. _____
:
                    Plaintiff, :
:  **NOTICE OF REMOVAL**
        v. :
:
BROOKLYN NETS, LLC, :
:
                    Defendant. :
:
:
---------------------------------------------------------------- x

        Pursuant to 28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446, defendant Brooklyn Nets, LLC (the "Nets"), by its undersigned attorneys, hereby gives notice of removal of this action, captioned *Smile For Kids, Inc. d/b/a S4K Entertainment Group v. Brooklyn Nets, LLC*, bearing index number 523523/2019, from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.  Concurrent with the filing of this notice, the Nets are serving this Notice of Removal upon Plaintiff's counsel and will promptly file a copy of the Notice with the Clerk of the Supreme Court of New York, County of Kings pursuant to 28 U.S.C. § 1446(d).

        Pursuant to 28 U.S.C. § 1446(a), the Nets provide the following statement of the grounds for removal:

## BACKGROUND

    1.    This action was commenced on October 28, 2019, by the filing of a Summons and Complaint with the Supreme Court of the State of New York, County of Kings (the "State

Court"). In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached as **Exhibit A**.

2. Plaintiff, Smile For Kids, Inc. ("Plaintiff") purports to assert violations of the Sherman Antitrust Act (15 U.S.C. §§ 1, 2), the Donnelly Act, and the New York Arts & Cultural Affairs Law ("ACAL"), as well as tortious interference with advantageous business relationships against the Nets based on the Nets' alleged termination of certain, unspecified Brooklyn Nets season ticket agreements. Plaintiff alleges that the Nets terminated these agreements in order to prevent the individual season ticket holders from exercising their resale rights. According to the Plaintiff, the Nets seek to monopolize the resale of Brooklyn Nets tickets and has severely damaged Plaintiff's business.

3. Plaintiff seeks a declaratory judgment that the Nets are in violation of ACAL, injunctive relief enjoining the Nets from terminating season ticket agreements and compelling the Nets to reinstate agreements that it purportedly has terminated previously, and monetary damages against the Nets in an amount to be determined at trial, in addition to attorneys' fees.

4. Upon information and belief, as of the date hereof, the Nets have not been properly served with process in this action. No evidence of process on the defendants appears in the State Court files.

## VENUE IS PROPER PURSUANT TO 28 U.S.C. §§ 112 AND 1441

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(c) and 1441(a) because the State Court, where the Summons and Complaint were filed, is a state court within the Eastern District of New York.

**ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1337**

6. United States District Courts have original jurisdiction over civil actions arising under the constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331.

7. Furthermore, pursuant to 28 U.S.C. § 1337(a), United States District Courts have exclusive jurisdiction over claims arising under "any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

8. United States District Courts have exclusive jurisdiction over claims arising under the Sherman Act (15 U.S.C. §§ 1, 2) pursuant to 15 U.S.C. § 4, which states in pertinent part: "[t]he several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title."

**SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367**

9. Where a district court has original jurisdiction, it also has supplemental jurisdiction over all related claims in the action pursuant to 28 U.S.C. § 1367, which states in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Plaintiff's Donnelly Act, ACAL, and tortious interference claims are related to the Sherman Act claims and form part of the same case or controversy because they are all based on the Nets' alleged termination of season ticket agreements.

**REMOVAL PURSUANT TO 28 U.S.C. § 1441**

11. Cases involving federal question jurisdiction may be removed pursuant to 28 U.S.C. § 1441(a), which states in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

### REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446

12. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

13. This Notice of Removal is timely filed. The Nets received the Complaint on October 28, 2019 by NYSCEF. Because the Nets filed the Notice of Removal on October 28, 2019, removal is timely.

WHEREFORE, notice is given that this action is removed from the Supreme Court of New York, County of Kings to the United States District Court for the Eastern District of New York.

Dated: New York, New York
      October 28, 2019

Respectfully submitted,

/s/ Anthony J. Dreyer
Anthony J. Dreyer
Karen Hoffman Lent
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
anthony.dreyer@skadden.com
karen.lent@skadden.com

*Attorneys for Defendant*
*Brooklyn Nets, LLC*

4