

OVED & OVED LLP
ATTORNEYS

January 29, 2020

<u>VIA ECF AND EMAIL</u>

Hon. Dora Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Smile for Kids, Inc. v. Brooklyn Nets, LLC,*
        <u>Civil Action No.: 19-cv-6061</u>

Dear Judge Irizarry:

This law firm represents Plaintiff Smile for Kids, Inc. d/b/a S4K Entertainment Group in the above-captioned matter. We write to respectfully inform the Court that Plaintiff voluntarily discontinued this action without prejudice and re-filed it in the New York Supreme Court, Kings County, Index No. 502238/2020, where this action was originally commenced, for the reasons set forth herein.

Plaintiff filed this action in Kings County Supreme Court on October 28, 2019. The Complaint alleged eight Causes of Action. Plaintiff's first three claims arose from Defendant Brooklyn Nets LLC's violations of New York State's Arts and Cultural Affairs Law ("ACAL"). Plaintiff's Fourth Cause of Action, for tortious interference with advantageous business relationship under New York common law, was based on Defendant's same conduct in violating the ACAL. Plaintiff's Fifth, Sixth, and Seventh Causes of Action asserted federal antitrust claims under the Sherman Act. Plaintiff's Eighth Cause of Action asserted a state law antitrust claim under New York's Donnelly Act.

On October 28, 2019, the same date the Complaint was filed, Defendant removed this action to this Court on the sole basis that Plaintiff's Sherman Act claims provide this Court with original jurisdiction over this action. *See* Dkt. No. 1. On December 13, 2019, Defendant filed a motion to dismiss the Complaint. Thereafter, the parties agreed to extend Plaintiff's time to file an amended complaint or opposition to Defendant's motion to dismiss to January 31, 2020.

Plaintiff has since elected to amend its complaint to, *inter alia*, withdraw its Sherman Act claims, the previous existence of which was the sole alleged basis upon which this Court had subject matter jurisdiction over this dispute. *See, e.g.*, *Singh v. Prudential Ins. Co. of Am., Inc.*, 200 F. Supp. 2d 193, 198-99 (E.D.N.Y. 2002) (plaintiff's decision to drop her federal claims in her amended complaint deprived court of subject matter jurisdiction) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that "the plaintiff [is] the master of the claim")); *Valencia v. Sung M. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) ("where the federal claims had been dismissed at a relatively early stage and the remaining claims involved issues of state law that were unsettled, we have concluded that the exercise of supplemental or pendent jurisdiction was an abuse of discretion"). Thus, Plaintiff's decision to drop its Sherman Act claims will inevitably result in

O   THE OVED BUILDING
401 GREENWICH STREET
NEW YORK, NY 10013

T 212 226 2376
F 212 226 7555
OVEDLAW.COM

Hon. Dora Irizarry
January 29, 2020
Page 2 of 2

this action proceeding in state court.  Moreover, where, as here, Defendant has yet to interpose a responsive pleading, Plaintiff is free to voluntarily discontinue the action without prejudice.  FRCP 41(a)(1)(A); *see also Seippel v. Jenkens & Gilchrist, P.C.*, 2004 U.S. Dist. LEXIS 24566, at *4 (S.D.N.Y. Dec. 3, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").

Accordingly, Plaintiff's decision to voluntarily discontinue this action and re-file its amended complaint in state court is the most efficient, cost-effective, and practical means of proceeding with this action, for the parties and the Court.

We thank the Court for its time and attention in this matter.

Respectfully submitted,

Andrew J. Urgenson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SMILE FOR KIDS, INC. d/b/a S4K
ENTERTAINMENT GROUP,

<table>
<tr><td></td><td>Civil Action No.: 19-CV-6062 (DLI) (SMG)</td></tr>
</table>

                   *Plaintiff,*

    - against -

BROOKLYN NETS, LLC,

                   *Defendant.*
-----------------------------------------------------------------X

**NOTICE OF VOLUNTARY
DISMISSAL WITHOUT PREJUDICE**

       Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff

Smile For Kids, Inc. d/b/a S4K Entertainment Group, and/or its counsel, hereby gives notice that

the above-captioned action is voluntarily dismissed, without prejudice, against the defendant

Brooklyn Nets, LLC.

Dated:  January 29, 2020
        New York, New York

                           **OVED & OVED LLP**

                           By:   /s/ Andrew J. Urgenson
                           Andrew J. Urgenson, Esq.
                           401 Greenwich Street
                           New York, New York 10013
                           Tel: 212.226.2376
                           *Attorneys for Plaintiff*